USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/7/11

R E C E I V E D
JUN 0 7 2011
*Holwell*
CHAMBERS OF
RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JESUS E. SANTOS,

                                        Plaintiffs,

                    -against-

THE CITY OF NEW YORK, MARCY VELEZ, JAMES
SHAUGHNESSY and EURIS PAULINO,

                                        Defendants.

------------------------------------------------------------------ X

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL**

10 Civ. 9486 (RJH) (JCF)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about

December 21, 2010 and an amended complaint on or about April 27, 2011 alleging that the

defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's

allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability;

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms

set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by

and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against defendants, with

prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in

paragraph "2" below.

2.      Defendant City of New York hereby agrees to pay plaintiff Jesus E. Santos the sum of **Twenty Thousand Dollars ($20,000.00)** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal with prejudice of all the claims against the named defendants, the City of New York, Police Officer Marcy Velez, Sergeant James Shaughnessy and Police Officer Euris Paulino and to release and discharge all defendants, and any present or former employees and agents of the City of New York or any agency thereof, including but not limited to the New York City Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3.      Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations

3

or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

      5.    Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

      6.    Plaintiff agrees to hold harmless the City of New York, Police Officer Marcy Velez, Sergeant James Shaughnessy and Police Officer Euris Paulino regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

    [REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

4

7.    This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
        May 24, ____, 2011

Eugene M. Bellin, Esq.                     MICHAEL A. CARDOZO
*Attorney for Plaintiff*                     Corporation Counsel of the
233 Broadway, Suite 2201                       City of New York
New York, New York 10279                   *Attorney for Defendants*
(212) 267-9100                             100 Church Street, Room 3-178
                                           New York, New York  10007
                                           (212) 788-0823

By: *Eugene M. Bell.*                      By: *Philip R. DePaul*
    EUGENE M. BELLIN, ESQ.                     PHILIP R. DePAUL
                                               Assistant Corporation Counsel

SO ORDERED:

THE HONORABLE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE
            6/7/11